UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------)
In re                                                          )   Chapter 11 Cases
                                                               )
SPIEGEL INC., et al.,                                          )   Case No. 03-11540 (BRL)
                                                               )
                        Debtors.                               )   Jointly Administered
---------------------------------------------------------------)
BICO STUPAKOFF and                                             )
RUSSELL JAMES,                                                 )   Adv. Proceeding No. 06-1554 (BRL)
                                                               )
                        Plaintiffs,                            )
                                                               )
OTTO DOOSAN MAIL ORDER LTD.,                                   )
a Korean corporation; OTTO SUMISHO INC.,                       )
a Japanese corporation; OTTO GmbH,                             )
a German corporation,                                          )
                                                               )
                        Defendants.                            )
---------------------------------------------------------------)

APPEARANCES:

WILKIE FARR & GALLAGHER LLP
Co-attorneys for Otto (GmbH & Co KG),
Otto Doosan Ltd. and Otto Sumisho Inc.
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000
Alan J. Lipkin, Esq.
Robin Spigel, Esq.

DYKEMA GOSSETT PLLC
Co-attorneys for Otto (GmbH & Co KG),
and Otto Doosan Ltd.
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700
Harry N. Arger, Esq.
Marc A. Primack, Esq.

GROSSMAN LAW OFFICES
Co-attorneys for Otto Sumisho Inc.
29 S. LaSalle Street, Suite 1210

Chicago, Illinois 60603
Mark Grossman, Esq.
Jeffrey Drake, Esq.

HALPERIN BATTAGLIA RAICHT, LLP
Local Counsel to Bico Stupakoff and Russell James
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
Alan D. Halperin, Esq.
Donna H. Lieberman, Esq.

WILDMAN, HARROLD, ALLEN & DIXON LLP
Counsel to Bico Stupakoff and Russell James
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606-1229
(312) 201-2000
Jonathan W. Young, Esq.
Jeffrey L. Gansberg, Esq.


Before:      Hon. Burton R. Lifland


**OPINION AND ORDER DENYING PLAINTIFFS' REQUEST FOR AN ORDER MODIFYING THE PLAN INJUNCTION AND GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court are two motions. First, on August 30, 2006, Bico Stupakoff and Russell James (collectively the "Plaintiffs") filed the Motion to Modify Plan Injunction for Limited Purpose of Filing Claims in Illinois Litigation Pending Adjudication of Validity of Plan Releases (the "Motion to Modify the Plan") relying on Rule 60(b) of the Federal Rules of Civil Procedure (the "Federal Rules"). The Otto Entities filed an objection to the Motion on October 13, 2006. Second, on October 5, 2006, Defendants Otto Doosan, Ltd., Otto Sumisho Inc., and Otto (GmbH & Co, KG) (collectively, the "Otto Entities" or "Defendants") filed a Motion to Dismiss the Complaint (the "Motion to Dismiss") of Bico Stupakoff and Russell James (the "Complaint") for failure to state a claim, pursuant

2

to Rule 12(b)(6) of the Federal Rules made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). A hearing was held before this Court on October 18, 2006 and the Court ruled on both motions at the hearing, denying the Plaintiffs' Motion to the Modify the Plan and granting the Defendants' Motion to Dismiss. This opinion and order augments the Court's dispositions on the record of the hearing on the motions.

## BACKGROUND

Spiegel Bankruptcy

On March 17, 2003, Spiegel Inc. ("Spiegel") and certain of its direct and indirect subsidiaries (collectively with Spiegel, the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. In March 2005, this Court entered an order approving the Spiegel disclosure statement and setting a hearing on confirmation of the Debtors' Modified First Amended Joint Plan of Reorganization of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan"). The Plan contained a release and injunction, which released all claims that any entity might hold against Spiegel and the affiliated entities and enjoined parties from bringing suit to attempt to collect the released obligations[1] (the "Release and Injunction"). By order dated May 25, 2005 (the "Confirmation Order") this Court confirmed the Debtors' Plan. *In re Spiegel, Inc.*, 2005 Bankr. LEXIS 1113 (Bankr. S.D.N.Y. May 25, 2005).

---

[1] The total value of the consideration paid by the Otto Entities for the Release and Injunction was not less than $260.4 million.

3

The Peter Rosenbaum Photography Motion[2]

On January 30, 2004, Peter Rosenbaum Photography Corporation ("Rosenbaum") commenced an action against the Otto Entities in the United States District Court for the Northern District of Illinois (the "Illinois Court") seeking damages for improper use of photographs taken by Rosenbaum ("Illinois Complaint"). In November 2005, Rosenbaum requested leave from the Illinois Court to file a Second Amended Complaint, which was a purported class action complaint naming as plaintiffs, among others, Bico Stupakoff and Russell James. In response, the Otto Entities filed a notice to the Illinois Court of the Release and Injunction incorporated into the Confirmation Order. The Illinois Court then instructed the parties to ask this Court for instruction on the applicability of the Release and Injunction on the proceedings before the Illinois Court.

In May 2006, Rosenbaum filed a motion seeking this Court's determination that the Release and Injunction do not bar the Illinois Complaint from going forward (the "Rosenbaum Motion"). The hearing on the Rosenbaum Motion was scheduled for June 22, 2006. On June 21, 2006, the Plaintiffs surfaced for the first time before this Court, requesting a continuance of the hearing on the Rosenbaum Motion or a declaration that any ruling on the Rosenbaum Motion shall have no preclusive effect on any motion or pleading filed by the Plaintiffs. This Court denied both requests.

---

[2] The Rosenbaum Motion was addressed in more detail by this Court in the Written Opinion/Finding of Fact, Conclusions of Law, and Order signed on August 16, 2006 Denying Motion of Peter Rosenbaum Photography Corporation for a Declaratory Ruling Pursuant to Sections 105(a) and 1109(b) of the Bankruptcy Code, etc. and Denying Related Relief, Case No. 03-11540, ECF No. 4487 (the "August 16 Order"), which is annexed as Exhibit A.

4

The Court denied the Rosenbaum Motion and the parties settled an order consistent with this Court's findings on the record. Rosenbaum has appealed the August 16 Order, as have the newly surfaced Plaintiffs.

<u>The Adversary Proceeding</u>

On June 21, 2006, contemporaneously with the filing of the request for an adjournment of the Rosenbaum Motion or a special finding relating to the Rosenbaum Motion, the Plaintiffs commenced an adversary proceeding. The complaint (the "Complaint") alleges that Plaintiffs licensed photographs to Spiegel for its use in its catalogs, that Spiegel subsequently provided the photographs to the Otto Entities for their use and that the Otto Entities used these images without permission or license. The Plaintiffs are seeking declaratory relief that because the Plaintiffs were allegedly known creditors of Spiegel, Inc. and the Otto Entities, yet did not receive specific notice and an opportunity to object to the Release and Injunction contained in the Plan, the Release and Injunction do not apply to them.

**THE MOTION TO MODIFY THE PLAN**

Plaintiffs seek to modify the Release and Injunction contained in the Plan, so they may file an intervention pleading in Illinois District Court, asserting claims on their behalf and on behalf of other unknown parties[3] holding claims against the Otto Entities. The Plaintiffs allege this relief is appropriate to preserve their rights and avoid the expiration

---

[3] At the hearing held on October 18, 2006, counsel for the Plaintiffs repeatedly referred to claims the Plaintiffs have against the Otto Entities and noted that the Plaintiffs believe there are other parties with similar claims that they hoped would join the Plaintiffs in the Illinois litigation in the future.

5

of unspecified statutes of limitations[4] while the appeal of the August 16 Order is pending in the Southern District of New York District Court.

Pursuant to 11 U.S.C. sections 1144[5] and 1127(b)[6], courts have limited jurisdiction to modify a plan of reorganization after substantial consummation. Courts have noted that Bankruptcy Rule 9024 expressly provides that Rule 60(b) of the Federal Rules ("Rule 60(b)") does not override the time allowed in section 1144 for filing a complaint to revoke an order confirming a plan. *In re Petition of Board of Directors of Hopewell Intern. Ins., Ltd.,* 281 B.R. 200, 207 (Bankr. S.D.N.Y. 2002). Plaintiffs point out, however, that courts have ruled that Federal Rule 60(b) can be used to relieve a creditor from the operation of a confirmation order and the Plaintiffs therefore urge this Court to find their request appropriate under Federal Rule 60(b)(6). The Second Circuit has held that Rule 60(b) motions are within the discretion of the court, and "are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd* 501 U.S. 115 (1991). A movant must establish one of the enumerated grounds for relief under Rule 60(b) and that the harm to the movant (Plaintiffs) outweighs the necessity for finality in the order confirming the plan of

---

[4] The Plaintiffs' pleadings do not specify which claims they may be prevented from asserting; what statute of limitations is invoked, nor do they provide any background as to why they have waited until October 18, 2006 to bring to this Court's attention causes of action they have doubtless been aware of since November 2005 when Rosenbaum's Proposed Second Amended Complaint in the Illinois Court named them as proposed class action plaintiffs.

[5] Pursuant to 11 U.S.C. § 1144, a party in interest may request revocation of an order of confirmation only within 180 days of entry of the order of confirmation, and only if approval of the order was procured by fraud.

[6] Pursuant to 11 U.S.C. § 1127(b), "a proponent of a plan or the reorganized debtor" may modify a plan prior to substantial consummation of the plan.

6

reorganization. *In re 401 East 89th Street Owners, Inc.*, 223 B.R. 75, 79 (Bankr. S.D.N.Y. 1998). In this case, granting such relief would be improper.

Federal Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. Pro. 60(b). Subsection (6) of Federal Rule 60(b) is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule. *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986).

In this case, the Plaintiffs assert that the Release and Injunction in the Plan are not enforceable as to them because proper notice of the disclosure statement and plan was not provided to them. The Otto Entities contend that if Rule 60(b) relief was proper in this case, it should have been requested pursuant to Rule 60(b)(3), which relates to misconduct of a party, which would preclude the Plaintiffs from requesting relief under subsection six. Plaintiffs urge the Court to find their request proper under subsection three. In any case, under subsections three or six, the Plaintiffs have not made the showing required for this Court to consider the relief they are requesting.

7

Pg 8 of 13

Subsections three and six of Federal Rule 60(b) require that a motion be made within a reasonable time,[7] and in the case of subsection three, within one year of the order. This Court approved the Confirmation Order in the Debtors' cases on May 25, 2005. In November 2005, Rosenbaum filed the motion requesting leave to file the Second Amended Complaint, included Bico Stupakoff and Russell James as plaintiffs and the Otto Entities filed the notice of injunction. At the very latest, the Plaintiffs knew of their alleged claims against the Otto Entities and knew of the injunction contained in the Confirmation Order by November 2005. Plaintiffs did not file the Complaint until June 21, 2006, and never requested expedited relief. Plaintiffs filed the Motion for Plan Modification on August 30, 2006, fifteen months after the Confirmation Order was approved in these cases, and they requested a hearing date on the Motion for Plan Modification some seventeen months after the Confirmation Order was approved. Under either subsection three, which is arguably the relevant section of Federal Rule 60(b), or subsection six, pursuant to which the Plaintiffs requested relief, the Plaintiffs have not filed their motion in a timely fashion. Furthermore, even if the Plaintiffs contend that their request is timely, they have not demonstrated sufficient extraordinary circumstances or undue hardship to justify rewriting of the provisions of a confirmed plan of reorganization.

---

[7] Plaintiffs argued at the hearing that pursuant to recent Second Circuit case law, two years is a reasonable time in which to file a motion under Rule 60(b). *Whelton v. Educational Credit Management Corp.*, 150 F.3d 150, 156 fn2 (2d Cir. 2005). The Whelton case is distinguishable, however. As this Court stated at the hearing on October 18, 2006, "It's clear to me that the Plaintiffs in this instance are well outside the comfort zone of the Whelton case and should not be enheartened by its application or putative application to the position they take." Transcript at 26. *Whelton* involved a Rule 60(b)(4) motion to declare one provision of a plan of reorganization (relating to discharge of student loans) void *ab initio* because it violated the Bankruptcy Code. These Plaintiffs seek to have this Court make a finding that a Release and Injunction in a confirmed plan of reorganization are not enforceable as to the Plaintiffs so that the Plaintiffs may file causes of action on behalf of themselves and a group of unknown plaintiffs with similar causes of action.

8

Even if the Plaintiffs were able to get past the strict limitation on modifying a confirmation order and plan pursuant to 11 U.S.C. section 1127(b), they would not meet the timing requirements of Rule 60(b) to have their motion considered by this Court.

Accordingly, the Plaintiffs' Motion to Modify the Plan is denied.

**THE MOTION TO DISMISS**

The Defendants urge this Court to dismiss the Complaint, citing as bases for dismissal the August 16 Order,[8] the doctrines of *res judicata* and equitable mootness, that the claims asserted in the Complaint have no legal basis, and because the Plaintiffs' reliance on inadequate notice is wrong as a matter of law. The Plaintiffs contend that despite the legal positions of the Defendants, the real issue raised by the Complaint is whether the Release and Injunction are enforceable against the Plaintiff Photographers, given the lack of notice to the Plaintiff Photographers that this relief was sought against them. Due process is met if notice is "reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response." *Mullane v. Central Hanover Bank*, 339 U.S. 306, 314 (1950); *In re U.S.H. Corp. of New York,* 223 B.R. 654 (Bankr. S.D.N.Y. 1998).

Rule 12(b)(6) of the Federal Rules, which is made applicable to this proceeding by Rule 7012(b) of Bankruptcy Rules, enables a defendant to move to dismiss a complaint on the

---

[8] As the August 16 Order appeal is currently pending, this Court will not address whether or not that aspect of the Defendants' motion is determinative.

9

ground that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). "In reviewing a motion to dismiss, a court merely assesses the legal feasibility of the complaint, and does not weigh the evidence that may be offered at trial." *In re Churchill Mortg. Inv. Corp.*, 256 B.R. 664 (Bankr. S.D.N.Y. 2000). A motion to dismiss must be denied unless it, "appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Conley v. Gibson*, 355 U.S. 41, 57 (1957). All well-pled factual allegations must be read by the court as true and construed in a light most favorable to the plaintiff. *Conley v. Gibson*, 355 U.S. at 57.

Although this Court is to take the well-pled allegations in the Complaint as true for a motion to dismiss, " '[l]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness.' " *Mason v. American Tobacco Co.*, 346 F.3d 36, 39 (2d Cir. 2003). The Defendants contend, and this Court agrees, that several key conclusory statements in the Complaint are in fact legal conclusions. They were not well-pled and need not be considered in a light favorable to the Plaintiffs.

The Plaintiffs contend that they were known creditors of Spiegel at the time the disclosure statement was filed because Peter Rosenbaum Photography filed the original Illinois complaint in January 2004. However, the Plaintiffs were not related to the original complaint. The Plaintiffs did not become involved in the Illinois litigation until November 2005, months after the Plan was approved in the Spiegel cases. The Plaintiffs contend that because their causes of action against the Otto Entities are similar to those

pled by Rosenbaum in the original complaint filed by Rosenbaum in January 2004, the Otto Entities were also aware of their claims.  The Debtors and the Otto Entities are not required to employ a crystal ball, however, when one complaint is filed to determine whether any other similar claims exist.  *See Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490 (1988) (Debtor is required to make reasonably diligent efforts to determine creditors).  The unsupported assertion in the Complaint is not sufficient to require this Court to take the statement as true for the purposes of the Motion to Dismiss.

Plaintiffs do not quarrel with the sufficiency of the publication notice as to unknown creditors, but allege that they were known creditors entitled to a greater level of notice.  Plaintiffs state in a conclusory fashion, "Defendants knew or should have known that the Plan granted relief for their benefit, and against the Plaintiffs, and that the Plaintiffs were therefore entitled to notice of such relief, including but not limited to notice of the Plan and Disclosure Statement."  Compl. at ¶ 25.  Courts require debtors to take reasonably diligent efforts and provide notice of a plan and disclosure statement to reasonably ascertainable creditors.  *See Id.* (Everyone who may conceivably have a claim is not entitled to actual notice, rather publication notice is sufficient for creditors who are not reasonably ascertainable).  Efforts beyond a careful examination of the Debtors books and records are generally not required.  *In re U.S.H. Corp. of New York,* 223 B.R. 654 (Bankr. S.D.N.Y. 1998).  Plaintiffs do not allege that a proper examination of the books and records would have uncovered their claim.  As pointed out above, the only issue as to due process is whether there is some reasonable basis to infer the existence of the

11

creditors. In this case, there is none, leaving no foundation for the due process argument which is the core of the complaint.

As with the Motion to Modify the Plan, the Motion to Dismiss ultimately is governed by Rule 60(b). Leaving aside the foregoing analysis regarding the factual allegations, and the curbs placed on this Court by 11 U.S.C. sections 1127(b) and 1144, and even taking the allegations pled as true, the Plaintiffs have no recourse against the Otto Entities because they would likewise be precluded from seeking to modify the Confirmation Order and Plan in this case under Rule 60(b). This Court finds that the Plaintiffs have not brought their request before this Court in a reasonable time given the discussion above relating to Rule 60(b) and that therefore, no relief is available to the Plaintiffs.

Essentially, this Complaint is a collateral attack on a Plan and Confirmation Order that were approved by this Court over a year ago. Congress has put into place various limitations Bankruptcy Rule 8002 underscores the importance of finality of a court's order approving a disclosure or plan of reorganization. Fed. R. Bankr. Proc. 8002.[9] As noted above, 11 U.S.C sections 1127(b) and 1144 proscribe limitations on modification of a plan of reorganization. *See* fn 5 and 6.

---

[9] While the normal ten day period to appeal other orders of a bankruptcy court may be extended on application of a party in interest, pursuant to Bankruptcy Rule 8002(c), orders of the bankruptcy court relating to confirmation of a plan and approval of the disclosure statement are of such significance to the administration of the case, the parties in interest, and third parties that the court has no discretion to extend the time to file an appeal unless the request for an extension is filed before the time to appeal expires.

12

For all of the foregoing reasons, the Motion to Modify the Plan and Confirmation Order is denied and the Motion to Dismiss the Complaint is granted.

IT IS SO ORDERED.

Dated: November 1, 2006                 /s/ Hon. Burton R. Lifland
       New York, New York             United States Bankruptcy Judge